courtdocs@dickinsonwright.com

Katherine Anderson Sanchez, SBN 030051
DICKINSON WRIGHT PLLC
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (844) 670-6009
ksanchez@dickinsonwright.com
*Attorneys for Plaintiff Wells Fargo Bank, NA*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>PenbenLA, a California entity, Equa Gaming, an Arizona general partnership, Victor Carrillo, an individual, Dana M. Brannan, an individual, and Does I-X,<br><br>Defendants. | Case No. 2:17-02492-PHX-DJH<br><br>**MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT FERRUGGIO INSURANCE SERVICES OF L.A. DOING BUSINESS AS PENBENLA ON COUNT ONE** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Wells Fargo Bank, N.A. (the "Plaintiff" or "Wells Fargo"), by and through undersigned counsel, requests that the Court enter summary judgment in its favor on Count One of its Complaint against Defendant Ferruggio Insurance Services of L.A. doing business as PenbenLA ("Defendant"). Defendant is liable to Plaintiff as it made check number 2630 (the "Check") payable to Equa Gaming and deposited the Check to Equa Gaming's account at a Wells Fargo branch. Wells Fargo gave credit to Equa Gaming for the Check and now Defendant must pay the amount of the loss it caused Wells Fargo. As

discussed herein, Wells Fargo is a holder in due course that took the Check free of any defenses or claims. Since Wells Fargo is a holder entitled to enforce the Check and no facts exist that would relieve Defendant of its obligation to pay the Check, Plaintiff is entitled to judgment as a matter of law. For the foregoing reasons and for the reasons set forth below, Defendant cannot establish any defense to the claim asserted against it and judgment should be entered in Plaintiff's favor. This Motion is supported by the following Memorandum of Points and Authorities, the separately filed Statement of Facts and the exhibits attached thereto.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Background

On March 12, 2016, Defendant issued a check payable to Equa Gaming in the amount of $100,000 (the "Check"). SOF at ¶ 4. On March 12, 2016, an employee of Defendant deposited the Check into Equa Gaming's business account ending in 4853 (the "Account") at a Wells Fargo branch in Culver City, California. SOF at ¶¶ 5 and 6. Wells Fargo accepted the Check for deposit into the Account. SOF at ¶ 7. On March 15, 2016, the funds were made available for withdrawal from the Account. SOF at ¶ 11. After March 14, 2016 various withdrawals and debits were made from the Account. SOF at ¶ 12. Upon information and belief on March 15 or 16, 2018, Defendant directed Pacific Western Bank to stop payment on the Check. SOF at ¶ 13. On or about March 16, 2016, Pacific Western Bank returned the Check to Wells Fargo unpaid. SOF at ¶ 14. Wells Fargo is in possession of the Image Replacement Document ("IRD") of the Check. SOF at ¶ 8.

////

---

[1] The separately filed Statement of Facts will be designated by the initials "SOF" and a reference to the specific paragraph in the Statement of Facts for which the proposition is cited will be indicated as "(SOF at ¶ ___)."

**II. Legal Argument**

    **A. Standard for Summary Judgment**

Summary judgment is proper if: (1) there is no genuine dispute, (2) as to any material fact, and (3) the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) *Beard v. Banks*, 548 U.S. 521, 529, 126 S.Ct. 2572, 2578 (2006). A genuine dispute exists when a rational factfinder, considering the evidence in the record, could find in favor of the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 2677 (2009); *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769 (2007). Summary judgment is proper even where disputed facts exist if the disputed facts are not material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Where the facts are undisputed, judgment must be appropriate as a matter of law. Summary judgment should be granted where the non-moving party has the burden of proof and has not made an adequate showing of fact on an essential element of its case. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806-807, 119 S. Ct. 1597, 1603 (1999)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

    **B. Plaintiff Established its Prima Facie Case**

Articles 3 and 4 of the Uniform Commercial Code (U.C.C.) enacted as Title 47 of the Arizona Revised Statutes govern the payment and enforcement of negotiable instruments.[2] In order to establish a *prima facie* case against Defendant, Wells Fargo need only prove that the signatures on the Check were authorized and that it is a holder in possession of the instrument. U.C.C. § 3-308(b), *see also* U.C.C. § 3-308, Official Comment 2. The validity or authenticity of signatures must be specifically denied in the

---

[2] Wells Fargo asserts that Arizona is the applicable law; in any event, Nevada and California have both also adopted Article 3 of the U.C.C. Accordingly, citations herein are to the U.C.C.

-3-

pleadings. Here, Defendant admits that the signatures are authorized. U.C.C. § 3-308(a); Answer at ¶¶ 14, 15, 35, 39, 42, 43.

The holder of an instrument is entitled to enforce the instrument. U.C.C. § 3-301. A depositary bank becomes a holder at the time it receives a check if the payee is the holder's customer. U.C.C. § 4-205(a), *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 400 (7th Cir. 2004)(citing *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1554-56 (9th Cir. 1996). When an instrument is dishonored, "the drawer is obliged to pay the draft (i) according to its terms at the time it was issued." U.C.C. § 3-414(b). The drawer owes this obligation to the person entitled to enforce the instrument. *Id*. An instrument is issued upon the first delivery by the maker or drawer, whether to a holder or nonholder, for the purpose of giving rights in the instrument to any person. U.C.C. § 3-105(a).

Defendant issued and deposited the Check directly with Wells Fargo. SOF at ¶¶ 4, 5, 6. As the depositary bank, Wells Fargo became a holder at the time it received the Check because the payee of the Check, Equa Gaming, was its customer. U.C.C. § 4-205(1); *Conder v. Union Planters Bank, N.A.*, 384 F.3d 397, 400 (7th Cir. 2004)(citing *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1554-56 (9th Cir. 1996). As a holder of the Check, Wells Fargo is entitled to enforce the Check. U.C.C. § 3-301. As the drawer of the Check, Defendant is obligated to pay the Check to Wells Fargo according to its terms at the time it was issued. Here, the Check was issued on March 12, 2016, when it was deposited at Wells Fargo for the purpose of transferring rights in $100,000 to Equa Gaming.

Accordingly, Plaintiff has made its *prima facie* case and the burden shifts to Defendant to establish sufficient facts to support any defenses. Aside from its blanket denial in the Answer, Defendant has failed to allege any specific defenses to payment of

the Check. Answer at page 8.

### C. Plaintiff is a Holder in Due Course

Even if Defendant asserted an untimely defense, Plaintiff is a holder in due course who took the Check without notice of any defenses or claims. The holder of an instrument is a holder in due course if: 1) the instrument does not bear apparent evidence of forgery or alteration or is not so otherwise irregular or incomplete as to call into question its authenticity; and, 2) the holder took the instrument:

> (a) for value;
> (b) In good faith;
> (c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;
> (d) Without notice that the instrument contains an unauthorized signature or has been altered;
> (e) Without notice of any claim to the instrument described in Section 3-306; and,
> (f) Without notice that any party has a defense or claim in recoupment described in Section 3-305(a).

U.C.C. 3-302. Defendant admits that the Check did not bear apparent evidence of forgery or alteration and was not otherwise irregular or incomplete. Answer at ¶ 35. Plaintiff anticipates that Defendant will object to Wells Fargo's status as a holder in due course and claim that Wells Fargo did not give value for the Check and did not take the Check in good faith. Defendant has alleged no facts and no facts exist to support Defendant's arguments.[3]

### 1. Wells Fargo Gave Value for the Check

For purposes of determining its status as a holder in due course, a bank has given value to the extent it has a security interest in an item, if the bank otherwise complies with the requirements U.C.C. § 3-302. U.C.C. § 4-211. A collecting bank has a security interest in an item deposited in an account, to the extent to which credit given for the

---

[3] Nor has Defendant retained an expert to testify on these matters and the time do so has passed.

item has been withdrawn or applied. U.C.C. § 4-210(a)(1). When a bank advances funds to the payee, the bank obtains a security interest in the check to the extent of the advance. *In re Consolidated Pioneer Mortg. Entities*, 211 B.R. 704, 711 (S.D.Cal. 1997)(rev'd on other grounds)(citing *First Wisconsin National Bank v. Stiennon*, 73 B.R. 905, 908 (Bankr.W.D.Wis. 1987).

On March 14, 2016, Wells Fargo credited the Account for $100,000, the full amount of the Check. SOF at ¶ 11. Accordingly, Wells Fargo, as the collecting bank, obtained a security interest in the full amount of the Check and Wells Fargo gave value for the Check. Defendant has asserted no facts that contradict Wells Fargo's assertion that it gave value for the Check and it has not disclosed any evidence to the contrary. There is no material dispute that Wells Fargo gave value for the Check.

**2. Wells Fargo took the Check in good faith**

Good faith is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." U.C.C. § 3-103(a)(4). The good faith inquiry is a two-part analysis requiring the Court to subjectively determine if the party acted with "honesty in fact" and objectively determine if the party observed reasonable commercial standards of fair dealing. *San Tan Irr. Dist. V. Wells Fargo Bank*, 197 Ariz. 193, 197, 3 P.3d 1113, 1118 (Ariz.App. 2000).

Honesty in fact requires a subjective inquiry into the actual state of mind of the party. *Id.* (citing *Maine Family Federal Credit Union v. Sun Life Assurance Co. of Canada*, 727 A.2d 335, 340 (Me. 1999)). Honesty in fact requires only "a pure heart and an empty head." *First Interstate Bank of Or., N.A. v. Wilkerson*, 876 P.2d 326, 330 (Or.Ct.App.1994)(citing *U.S. National Bank v. Boge*, 311 Or.550, 565, 814 P.2d 1082 (Or.1991)).

Defendant's bald assertion that Wells Fargo did not act with honesty in fact is

insufficient to defeat a motion for summary judgment. Defendant must allege specific facts that support the claim that Wells Fargo did not act with honesty in fact. Defendant has not done so because no such facts exist.

The second part of the good faith inquiry requires an objective measurement of the fairness of the party's action in light of prevailing commercial standards. *Id.* (citing *Maine Family Federal Credit Union v. Sun Life Assurance Co. of Canada*, 727 A.2d 335, 340 (Me. 1999)). This standard does not require that the bank follow reasonable commercial standards but only to observe reasonable commercial standards of fair dealing. *State Sec. Check Cashing, Inc. v. American General Financial Services (DE)*, 409 Md. 81, 96, 972 A.2d 882, 890-891 (Md. App. 2009)(quoting 2 James J. White & Robert S. Summers, Uniform Commercial Code § 17-6, at 191-192 (5th ed. 2008). The trier of fact must inquire only into the "fairness with which a party handles a transaction, not the care with which it does so." *San Tan Irr. Dist. v. Wells Fargo Bank*, 197 Ariz. 193, 198 (Ariz.App. 2000), *see also* UCC § 3-103, comment 4 (fair dealing is concerned with the fairness of conduct rather than the care with which an act is performed).

Wells Fargo observed reasonable commercial standards of fair dealing with respect to the Check. Wells Fargo accepted the Check for deposit and on the next business day made the funds available to the account holder. The Check on its face appeared legitimate, was made payable to a long time Wells Fargo customer and was properly indorsed with the specific instruction to deposit the Check to the Account. Wells Fargo accepted the Check in the ordinary course and processed it for payment. Nothing in this process indicates that Wells Fargo acted unfairly when it accepted the Check for deposit.

Wells Fargo could not have known that the Check would be returned dishonored.

The Check bore no evidence of forgery or alteration and was deposited with Wells Fargo with the expectation that Wells Fargo would make the funds immediately available, which Wells Fargo did. Wells Fargo took the Check in good faith, and without notice of any claims or defenses of any kind. While Defendant was entitled to stop payment on the Check, this does not terminate its liability to Wells Fargo as the holder. *Romano's Carryout, Inc. v. P.F. Chang's China Bistro, Inc.*, 196 Ohio App.3d 648, 652, 964 N.E. 2d 1102, 1106 (Ohio App. 2011), *see also* U.C.C. § 3-414, Official Comment 2 ("liability of the drawer of an unaccepted draft is treated as a primary liability").

## III. Conclusion

Summary judgment is appropriate where there is no actual dispute as to the material facts. Defendant has not identified or alleged any such facts. Defendant admits not only that the Check is valid and authentic, but that it deposited the Check with Wells Fargo with the expectation that Wells Fargo would make the funds available to Equa Gaming. Wells Fargo did exactly what Defendant asked it to do: it provided value in the amount of $100,000 to Equa Gaming. Defendant has failed to carry its burden and judgment should be entered in favor of Wells Fargo as a matter of law.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on Count 1 of the Complaint.

**DATED:** August 1, 2018

                                    **DICKINSON WRIGHT PLLC**

                                    By: */s/ Katherine Anderson Sanchez*
                                        Katherine Anderson Sanchez
                                        1850 N. Central Avenue, Suite 1400
                                        Phoenix, AZ 85004
                                        *Attorneys for the Plaintiff Wells Fargo Bank, N.A.*

Copies of the foregoing served via email and U.S. Mail this 1st day of August, 2018 on:

SCOTT A SWINSON PA
Scott A Swinson
2400 E Arizona Biltmore Cir., Ste. 1300
Phoenix, AZ 85016-2195
scott@swinsonlawaz.com
*Attorneys for Defendant Ferruggio Insurance Services of L.A., Inc. dba PenbenLA*

/s/ Janet Hawkins

PHOENIX 16019-70 482512v1